UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------
The Muslims of America, Inc.,              :
                                           :     Civil Action No.: 3:13-CV-0169
              Plaintiff,                   :              (TJM/DEP)
                                           :
       v.                                  :
                                           :
Martin J. Mawyer et al.,                   :
                                           :
              Defendants.                  :
----------------------------------------------------
```

**DEFENDANTS' MOTION TO DISMISS**

Pursuant to Federal Rule Civil Procedure 12 and or 56, defendants move the court for an order dismissing the plaintiff's complaint.  The complaint was frivolous in that the plaintiff, The Muslims of America, Inc., lacks standing to bring the claims in the complaint because plaintiff was not formed until after the publication of the alleged defamation, and the allegedly defamatory statements concern and specifically identify a corporation that has since been dissolved under New York law.

Judge McAvoy returnable date:  March 28, 2014.

Respectfully Submitted,

/s/ David W. T. Carroll

_____
David W. T. Carroll (#0010406)
Carroll, Ucker & Hemmer, LLC
7100 North High Street, Suite 301
Worthington, Ohio 43085
(v) 614/547-0350  (fax) 614/547-0354
dcarroll@cuhlaw.com

and

James P. Trainor, Esq.
Cutler, Trainor & Cutler LLP

1

2 Hemphill Place, Suite 153
Malta, NY 12020
Tel. (518) 899-9200
Fax (518) 899-9300

ATTORNEYS FOR DEFENDANTS MARTIN J
MAWYER PATTI PIERUCCI AND CHRISTIAN
ACTION NETWORK

## MEMORANDUM OF LAW

This is a strike suit.  Plaintiff, The Muslims of America, Inc, (TMOA) a New York religious corporation **incorporated January 24, 2013**, alleges that it was damaged by alleged defamatory publications in **2012** that actually referred to Muslims of the Americas, Inc,[1]  (MOA) a New York religious corporation that plaintiff's counsel dissolved **dissolved** effective March 15, 2013.

Federal Rule of Civil Procedure 12(c) authorizes the court to grant judgment on the pleadings. Federal Rule of Civil Procedure 56 authorizes the court to grant judgment where there is no genuine issue as to any material fact.  As one state Supreme Court has explained,

> [S]ummary judgment plays a particularly important role in defamation cases: "'Serious problems regarding the exercise of free speech and free press guaranteed by the First Amendment are raised if unwarranted lawsuits are allowed to proceed to trial. The chilling effect of the pendency of such litigation can itself be sufficient to curtail the exercise of these freedoms.'" *Mark v. Seattle Times*, 96 Wash.2d 473, 485, 635 P.2d 1081 (1981) (quoting *Tait v. KING Broad. Co.*, 1 Wash.App. 250, 255, 460 P.2d 307 (1969)).

*Mohr v. Grant*, 108 P.3d 768, 153 Wash.2d 812 (Wash., 2005) at 108 P.3d at 772-773.

---

[1]  At trial, there will be little doubt that defendants were fully justified in calling MOA a.k.a Jamat ul-Fuqra a terrorist organization based upon many sources including the United States Department of State and the United States Department of Justice.  See Exhibit 5 and 6 to Affidavit of David W. T. Carroll filed concurrently with this motion..

## Statement of Material Facts

1.      Plaintiff, The Muslims of America, Inc, (TMOA), a New York religious corporation, was **incorporated January 24, 2013.**  (Certified copy of the Delaware County Clerk's record attached to Affidavit of David W. T. Carroll.)

2.      This case is about allegedly defamatory statements (quoted in Argument) **published in 2012** contained in paragraphs 37, 39, 45, 47, 53, and 55 of plaintiff's complaint which was filed February 13, .  (Magistrate Peebles' December 26, 2013, Order (Dkt #34[2]) and plaintiff's complaint).

3.  Plaintiff's complaint was **filed February 13, 2013**, only three weeks after plaintiff's formation.  (Dkt #1.)

4.  The allegedly defamatory statements specifically referred to "Muslims of the Americas, Inc." (MOA), not TMOA which did not exist in 2012.  (Certified copy of the Delaware County Clerk's record attached to Affidavit of David W. T. Carroll.)

5.  Plaintiff's counsel filed an action to dissolve MOA on February 6, 2013.   The petition for dissolution contains an affidavit that recites among other things that "The entire incorporation filing stemming from the [1985] amendment [to the articles of incorporation] was fraudulent as it identifies a fictitious board of trustees, signatures and dishonest notary attestation," and further recites that "cunning members" who were Wahhabists[3] " falsely presented themselves" and "created a Trojan horse by linking MOA's legal status with the negative history of IM," IM being *Ikhwanul Muslimin[4]*. (Certified copy of the Delaware County Clerk's record attached to Affidavit of David W. T. Carroll.)

---

[2]      References to the Court's docket will be indentified by document number as Dkt #___.
[3]      Al Qaeda is Wahhabist.
[4]      I.e., The Muslim Brotherhood."

6.  The Supreme Court of the State New York, Delaware County, signed the order

dissolving MOA on March 15, 2013 which was entered March 20, 2013.   (Certified copy

of the Delaware County Clerk's record attached to Affidavit of David W. T. Carroll.)

## Argument

As set forth in the court' discovery order of December 26, 2013, plaintiff's

defamation claims in this action shall be limited to the statements referenced in

paragraphs 37, 39, 45, 47, 53, and 55 of its complaint.   The complaint makes it clear in

its "Preliminary Statement" that:

> 1.  This is an action against Martin J. Mawyer, Christian Action Network,
> and Patti A. Pierucci, defendants, for the malicious, repetitious, and
> continuous, pronouncements and publication of defamatory statements
> against Plaintiff. The provocative and defamatory statements were
> included in the book: Twilight in America: the Untold Story of Islamist
> Terrorist Training Camps in America, authored by Martin J. Mawyer and
> Patti Pierucci, (October 2012), uttered by Mawyer on various media
> outlets including Fox News (October 2012) and posted on CAN's
> [Christian Action Network's] website www.Christianaction.org at various
> dates and times.

By acknowledgement of plaintiff's counsel in open court and pursuant to this

court's December 26, 2013, order, this action is limited to the following statements in

the complaint:

> 37.  "Also maddening is the fact that Al Fuqra/MOA[5] had been listed on
> the State Department's list of terrorist groups but was removed in the year
> 2000 after what appeared to be a period of inactivity." Twilight pg. 230.
> Please see annexed hereto "Exhibit C:'.  [Footnote added.]

Exhibit C referenced in paragraph 37 is a copy of a page from *Twilight in*

*America* published in October 2012.

---

[5]       Although not directly pertinent to the present motion, the Affidavit of David W. T. Carroll also
attaches the 2006 Regional Organized Crime Information Center Special Report "prepared under the
leadership, guidance and funding of the Bureau of Justice Assistance, Office of Justice Programs, U.S.
Department of Justice" [p. 11] presented in open court to Magistrate Judge Peebles on December 17, 2013.
(Hearing Transcript p. 12 (Dkt #38)) that identifies Al Fuqra/MOA as a terrorist organization.

39.     "In the privacy of Muslim compounds across our land they are preparing our own citizens to wage a holy war- jihad -against America. As many state and federal authorities turn a blind eye, these Islamic extremists convert our own citizens, then teach them how to kill." Twilight: Back cover. Please see annexed hereto "Exhibit D."

Exhibit D referenced in paragraph 39 is the back cover of *Twilight in America*

published in October 2012.

45.     That Defendants stated as fact regarding York County, South Carolina," ... [That] a 36 acre MOA compound is located, which hosted an array of notorious characters in the jihadist world." Twilight, pg.236. Please see annexed hereto "Exhibit G".  [Ellipsis in original].

Exhibit G referenced in paragraph 45 is a copy of a page from Twilight in America

published in October 2012.

47.     "My book details the nearly 30-year history of MOA in America with its crimes, its acts of terrorism and its bold claim to establish Islamic guerilla warfare underline training camps across the country." Emphasis added. Article from Martin Mawyer published on CAN website. Please see annexed hereto "Exhibit H".    [Emphasis in original.]

Paragraph 47 references Exhibit H to the complaint stating the quoted language

is from the Christian Action Network Website, but the quoted language does not appear

in Exhibit H.  Furthermore, the allegedly defamatory language does not mention TMOA

at all, but only MOA.  MOA is the corporation dissolved March 15, 2013 by petition of

the MOA directors who are also listed as TMOA directors in plaintiff's articles of

incorporation.  See attached certified copy of Certificate of Incorporation of The

Muslims of America, Inc. and Petition for Dissolution attached to affidavit of David W.

T.  Carroll, Exhibit 1 and 3.

53.     Defendants attempt to draw a connection between the notorious so-called DC beltway sniper and the plaintiff. "But to really understand why (DC shooter) recruited the young and impressionable Malvo and then went on his murderous rampage, it's important to explore his earlier life and, most of all, why he walked into the welcoming arms of the Muslims of the Americas." See Twilight pg.84

Paragraph 53 references *Twilight in America* at page 84, which was published in October 2012.

> 55.     "An American-based terror organization called "Muslims of the Americas" (MOA) has petitioned the United Nations to have me Arrested." Article from Martin Mawyer published on CAN website: Muslim Group Wants Me Arrested-Or Dead. Please see annexed hereto "Exhibit K".

Exhibit K referenced in paragraph 55 is a web-based article from December 2012 which describes Muslims of the Americas, Inc. (MOA), the corporation that was dissolved March 2013 by petition of its directors, all of whom also listed as TMOA directors in plaintiff's articles of incorporation.   See the certified copies of public records attached to the Affidavit of David W. T. Carroll.

It is unnecessary for this motion to analyze New York's choice of the law rule to determine the appropriate state law to apply to the defamation torts alleged, because every state's law of defamation, whether libel per se, libel per quod, slander per se or slander per quod, requires that the plaintiff be the injured party.  For example, the Second Circuit Court of Appeals stated New York law in *Lino Celle & Radio Mindanao v. Filipino Reporter,* 209 F.3d 163 (2d Cir., 1998) as follows:

> Under New York law, a plaintiff must establish five elements to recover in libel:
>
> > 1) a written defamatory statement of fact **concerning the plaintiff;**
> >
> > 2) publication to a third party;
> >
> > 3) fault (either negligence or actual malice depending on the status of the libeled party);
> >
> > 4) falsity of the defamatory statement; and
> >
> > 5) special damages or per se actionability (defamatory on its face).

[Emphasis added.]

The requirement that the defamation be "concerning the plaintiff" is consistent with the definition of defamation in every jurisdiction.   It is also consistent with the requirement under Article III of the United Sates Constitution that a plaintiff have standing before there can be a case or controversy.  See e.g., *Rosenblatt v. Baer,* 383 U.S. 75, 81, 86 S.Ct. 669, ___, 15 L.Ed.2d 597, ___ (1966)("There must be evidence that the attack was read as specifically directed at the plaintiff."); *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Plaintiff TMOA did not exist before January 24, 2013.  Plaintiff filed the complaint in this case three weeks later on February 13, 2013.   Each claim complains of alleged defamatory statements about MOA, an organization that ceased to exist on March 15, 2013.

## Conclusion

One cannot defame a nonexistent corporation.  The allegedly defamatory statements concern only a corporation that no longer exists.  TMOA's claims are not warranted by existing law.  The complaint should be dismissed as frivolous with prejudice at plaintiff's cost,[6] and Defendants be awarded sanctions in accordance with the Motion for Sanctions filed concurrently

Respectfully Submitted,

/s/ David W. T. Carroll

_____

David W. T. Carroll (#0010406)
Carroll, Ucker & Hemmer, LLC
7100 North High Street, Suite 301
Worthington, Ohio 43085

---

[6]      Defendants believe that this motion will be well taken, but if the motion is denied at this time for any reason, defendants anticipate a further motion for summary judgment after discovery on additional grounds.

(v) 614/547-0350  (fax) 614/547-0354
dcarroll@cuhlaw.com

and

James P. Trainor, Esq.
Cutler, Trainor & Cutler LLP
2 Hemphill Place, Suite 153
Malta, NY 12020
Tel. (518) 899-9200
Fax (518) 899-9300

ATTORNEYS FOR DEFENDANTS MARTIN J
MAWYER PATTI PIERUCCI AND CHRISTIAN
ACTION NETWORK

## Certificate of Service

I hereby certify that on February 13, 2014 , I electronically filed the foregoing with the
Clerk of the District Court using the CM/ECF system, which sent notification of such
filing to the following:

1.  Tahirah Amatul-Wadud     tahirahaw@gmail.com

2.  Tahirah H. Clark     tahirah.clarkesq@gmail.com

And, I hereby certify that I have mailed by the United States Postal Service the
document to the following non-CM /ECF Participants:

None.

/s/ David W. T. Carroll
_____
David W. T. Carroll